TuREEr, J.
delivered the opinion of the court.
Several causes are assigned as error in the proceedings’ of the court below; first, that the plaintiffs havé no right to sue,be-fcause the goods Were consigned to Cooper, Caruthers, & Co. and the law implies that by a' delivery to the carrier, they become their property, therefore they alone have a right to sue. To support which position, are cited 1 Lord Ray. 271: 8 Ter. R. 330: 3 Bos. and Pul. 584:7 Ver. 341: Chit. Pl. 5 and 6. In ánswer it is said, that although it is true that the law does presume in the absence of proof to the contrary, that the legal right to the property consigned is m the consignee, and that the authorities cited d6 sustain the position, thatinsuch case he alone can sue fof a loss or injury done to the property, yet it is not so when the action is for the non-performance of a contract to deliver the property made by the carrier,- with the consignor, he paying the freight. To support which position, are cited, 5 Burrow, 2680: 1 Ter. R. 659: 3 Camp. 320.
We will proceed to examine these authorities upon the two adverse propositions, premising, that in all actions on the case against a carrier for a loss or injury done to property, the wrong is the gist of the action, and the contract to deliver collateral to it. In all actions of assumpsit for not delivering according to contract, the contract to deliver is the gist of the action, and the loss or injury sustained is collateral thereto.
*450 In the case of Davis and Jordon vs. James, 5 Burrow 2680, the plaintiff had consigned cloth to a house in London by a common carrier, who undertook for a reasonable price paid by the plaintiffs, to deliver the same, which he neglected to do, and the objection taken was, that the action ought to have been in the name of the consignee. Lord Mansfield in delivering the opinion said, “there was neither law nor conscience in the objection. The vesting of the property may differ according to the circumstances of cases, but it does not enter into the present question. This is an action upon the agreement between the plaintiffs and the carriers. The plaintiffs were to pay him, therefore the action is properly brought by the persons who agreed with him and were to pay him, and in this opinion the other members of the court-concurred. This decision was made 11th of George III.
In the case of Moore and others vs. Wilson 1 Term, 659, assumpsit was brought against a common carrier for not safely conveying and delivering goods sent by the plaintiffs. The declaration stated that the defendant undertook to carry the goods for a certain hire and reward, to be paid by the plaintiffs. It was proved at the trial that Clark, the consignee, had agreed with the plaintiff to pay the carriage of the goods, which defendant’s counsel contended did not prove the decía-* ration, and Buller, Judge, before whom the case was tried at Guildhall, being of that opinion, nonsuited the plaintiff. On a motion to set aside the nonsuit, the same judge said, “that on considering the question, he found he had been mistaken in point of law, for that whatever might be the contract between the vendor and vendee, the agreement for the carriage was between the carrier and vendor, and the other judges being of the same opinion, the nonsuit was set aside. This decision was made 17 George III.
In the case of Joseph et al vs. Knox, 3 Camp. R. 320, the action was brought against the owner of a ship on a bill of lading by the consignor, and it was there contended' that the action could only be brought in the name of the consignee, but that able judge, Lord Ellenborough said, “I am of opinion this action will lie. There is a privity of contract es.tablished between these parties by means of the bill of lading; *451 that states that the goods were shipped by the plaintiffs, that the freight was paid by the plaintiffs in London; to the plaintiffs, therefore, from whom the consideration moves, and to whom the promise is made, the defendant is liable for the nondelivery of the goods.” This decision was made in the 59th year of George III. These cases fully sustain the position, that where there is a contract with the consignor to carry the goods and he pays the freight, he may maintain an action of assumpsit for its non-performance, and must be considered as conclusive upon the question, unless they have been overruled, or are contradicted by a superior weight of authority.
In the case of Evans v. Martlett, 1 Ld. Ray. 271, it was held, that if goods by a bill of lading were consigned to A, he is the owner and must bring the action against the master of the ship if they are lost. This case does not show who was to pay the freight, nor with whom the contract was made, neither does it show what action was brought, though we may infer that it was an action on the case, as it is for the loss of goods and not for their non-delivery, it cannot therefore be considered as contradicting the authorities relied on by the plaintiffs in this case; it is a decision made in 9 Williams, 3.
In the case of Dawes v. Peck, 8 Ter. R. 330, an action on the case was brought by a consignor against a comnaon caiv rier for not safely carrying according to his undertaking, in consideration of a certain hire and reward to be therefor paid, two casks of gin, from London, to one Thomas Ady at Hill-morton, in Warwickshire. The court determined that if a conr signor of goods deliver them to a particular carrier by the order of a consignee and they be afterwards lost, the consignor cannot maintain a action against the carrier and that the action can only be maintained by the consignee. In this case, there is no contract with the consignor by the carrier for the delivery of the articles, the freight is not paid by him, the property is delivered to a carrier specified by the consignee, and more than all, the court in the opinions delivered refer to the cases of Davis and Jordan, 5 Bur. 2680, and Moore and others v. Wilson, 1 Ter. Rep. 659, and recognise them as sound authority. This decision was made in the 44th year of George 3rd.
*452 The case of Dutton v. Solomons in 3 Bosan. and Pul., so far as this question is concerned, only determines that if a tradesman order goods to be sent by a carrier, though he does not name any .particular carrier, the moment the goods are delivered to the carrier it .operates as a delivery to the purchaser. This was a question, between a .vendor and vendee, and in no way conflicts with the position asserted in the cases cited by the plaintiff, and heretofore commented on. Chitty in the 5th and 6th pages in his Treatise on Pleading, merely refers to these different authorities, without controverting any of them.
The case of Turney v. Wilson, 7 Verg. R. 346, was an action on the case for the loss of goods shipped, brought by the consignor against the carrier and the bill of lading showed that the consignees were to pay the freight and that there was no contract with the consignor. The court there, were bound by the authorities .to require proof of the ownership of the consignor. We think that the result of all these authorities •is, that a consignor cannot maintain an action on the case for the loss or injury of the property consigned, without showing,. ; that he has a special or general right thereto, for without that ■ he cannot claim to have been damnified, but that he may in all s cases maintain an action of assumpsit, upon a contract to deliv- ¡ er the property safely, he having made the same, and paid op \become bound for the consideration.
2nd, It is said, that there is no good consideration averred in the declaration to support the contract on which this action is founded. The averment is, that the defendant contracted and agreed with the plaintiffs “for a valuable consideration by them, then and there paid to him to freight and carry.” This consideration is as well stated, as that in the case of Moore and als v. Wilson 1 Term R. 659, and Daws v. Peck, 8 Term Rep. 330, before referred to, in both of which it is averred to be for a certain hire and reward to be paid “by the plaintiff” and to which no exception was taken in either case, and besides, this could under no circumstances be considered as more than a defective averment, of a consider? ation, which is cured by verdict, Chittys Pleading, 717.
3rd. It is said, that the .finding of the jury is not commen.surate with the defence; that there are three pleas and issues *453 thereon, and that the verdict is that they find the issue in favor of the plaintiff. Objections of this kind are not to be encouraged as they may be and most often, are the result of clerical mistake. However we think in this case, that there is in fact but one issue. The plea of not guilty ia not a good plea to an action -of assumpsit, but is maintained after a verdict, as amounting to the general issue of non assumpsit. The special plea, that the defendant has performed his contract, is nothing but the general issue, specially pleaded. So that the three pleas make but one issue, and do not amount to distinct separate defences and the word issue covers the whole.
We therefore affirm the judgment of the court below.
Judgment affirmed.